UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BYRON MINO,           )<br>                              )<br>       Plaintiff,          )<br>                              )<br>VS.                          )<br>                              )<br>SELECT PORTFOLIO SERVICING,  )<br>INC., ET AL.,             )<br>                              )<br>       Defendants.    ) | CIVIL ACTION NO.<br><br>3:14-CV-0765-G |

MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants Select Portfolio Servicing, Inc.,("SPS") and Deutsche Bank National Trust Company, Trustee for Morgan Stanley ABS Capital I Trust 2007-NC1, Mortgage Pass-Through Certificates, Series 2007-NC1 (collectively, "SPS"), to dismiss the claims of the plaintiff Byron Mino ("Mino") (docket entry 8). For the reasons stated below, the motion is denied.

I. BACKGROUND

In January 1998, Mino purchased a home at 942 Fountain Drive, Coppell, Dallas County, Texas, 75019, and fell behind in his mortgage payments. Plaintiff's Original Petition ("Complaint") ¶¶ 6-11, *attached to* Defendants' Notice of Removal

("Notice of Removal") as Exhibit C (docket entry 1). On October 4, 2012, SPS sent Mino a two page letter which included the following statement.

> **[Y]ou are approved to start a Trial Period Plan**. . . . If you complete this Trial Period Plan by making all payments as outlined below, any past due late fees will be waived, interest and advances that we paid on your behalf will be added to your principal balance, and your loan will be brought up to date.

Exhibit A (emphasis in the original), *attached to* complaint.

The top of the letter included a header in bold font which read as follows.

> Approved: You could receive a principal reduction in the amount of $237,795.03 and a low monthly payment of approximately $1,979.99 . . . . Accept this trial modification offer today by making your first trial period payment.

*Id.*

The letter also included a chart entitled "Trial Period Plan" with payments required in November 2012, December 2012, and January 2013. *Id.* The second page of the letter[1] included the sentence: "We are glad you have been approved for a Trial Period Plan offer. Start today by making your first trial period payment." *Id.*

Mino completed paperwork and submitted the three trial payments on time. Complaint ¶ 15. Mino then tried for a year, unsuccessfully, to obtain final loan

---

[1] Mino failed to include as evidence enclosures indicated in the second page of letter, including "(1) Frequently Asked Questions (2) Additional Trial Period Plan Information and Legal Notices (3) Payment Coupons." *Id.*

modification documents while SPS stated that the loan modification was "in process." *Id*. ¶ 17. In late 2013, SPS informed Mino that his loan modification was denied. *Id.* ¶ 18. In February 2014, Mino received a foreclosure notice. *Id.* ¶ 19.

On February 4, 2014, Mino filed this case in the 68th Judicial District Court in Dallas County, Texas, and included claims for fraud in the inducement, negligent misrepresentation, unjust enrichment and imposition of a constructive trust. *See generally* Complaint. He also sought to quiet title and requested a temporary restraining order and temporary injunction. *Id.* On February 28, 2014, SPS timely removed the case this court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. *See* Notice of Removal at 1.

## II. ANALYSIS

### A. Legal Standards

#### 1. *Standard for Dismissal Under Rule 12(b)(6)*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted. First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovant could prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th

Cir.1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982) (citing 5B WRIGHT & MILLER § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983). Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. See *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir.1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir.1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir.1991). However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In addition, a court must not look beyond the pleadings when determining whether a complaint states a claim upon which relief may be granted. *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 499-500 (5th Cir.1982), *cert. denied*, 464 U.S. 932 (1983).

### 2. *Rule 9(b) Standard*

A complaint need only recite a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). When, however, defendants are charged with fraudulent activity, the plaintiff must state with

particularity the circumstances constituting fraud.[2]  FED. R. CIV. P. 9(b).  Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  The Fifth Circuit interprets Rule 9(b) strictly, requiring the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997), *cert. denied*, 522 U.S. 966 (1997); *Nathenson v. Zonagen Inc.*, 267 F.3d 400, 412 (5th Cir. 2001); see also *Benchmark Electronics, Inc. v. J.M. Huber Corporation*, 343 F.3d 719, 724 (5th Cir. 2003) (stating that Rule 9(b) requires the plaintiff to lay out "the who, what, when, where, and how" of the alleged fraud).  If the facts pleaded in a complaint are within the opposing party's knowledge, fraud pleadings may be based on information and belief.  See *Tuchman*, 14 F.3d at 1068.

Rule 9(b) permits a plaintiff to allege generally the defendant's intent to commit fraud.  FED. R. CIV. P. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally.").  A mere allegation that the defendant had the requisite intent, however, will not satisfy Rule 9(b).  *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994); *Tuchman*, 14 F.3d at 1068.  To

---

[2]     As the Fifth Circuit has noted, the purpose of the heightened pleading standard of Rule 9(b) is to provide defendants with fair notice of the plaintiff's claims, protect defendants from harm to their reputation and goodwill, reduce the number of strike suits, and prevent a plaintiff from filing baseless claims in an attempt to discover unknown wrongs.  *Tuchman v. DSC Communications Corporation*, 14 F.3d 1061, 1067 (5th Cir. 1994).

adequately plead fraudulent intent, the plaintiff must set forth specific facts that support an inference of fraud. *Tuchman*, 14 F.3d at 1068. The factual background adequate for an inference of fraudulent intent can be satisfied by alleging facts that show the defendant's motive. See *id.*

### B. Mino's Claims

SPS moves to dismiss all of Mino's claims under FED. R. CIV. P. 12(b)(6) but specifically to dismiss Mino's fraud in the inducement claim under FED. R. CIV. P. 12(b)(6) on the ground that, *inter alia*, Mino has failed to plead this claim with the specificity required by FED. R. CIV. P. (9)(b). *See* Defendants' Motion to Dismiss and Brief in Support at 5-6 (docket entry 8).

A plaintiff who claims fraud in the inducement under Texas law must prove the basic elements of fraud, as well as an underlying contract which was induced. *Kevin M. Ehringer Enterprises, Inc. v. McData*, 646 F.3d 321, 325 (5th Cir. 2011). Mino avers that he entered into a contract when he made payments and completed the requisite paperwork as result of the alleged fraud. Plaintiff's Response to Motions to Dismiss and Brief in Support ¶ 3 (docket entry 11). On the other hand, SPS argues that Mino did not enter a binding contract because the permanent modification was never finalized with a signed document and the modification was conditional on making the payments and maintaining eligibility. Defendant's Reply in Support of Their Motions to Dismiss and Brief in Support at 2-3 (docket entry 14). If the

existence of a contract is assumed *arguendo*, Mino has met the Rule 9(b) standard for pleading fraud. Read in the light most favorable to Mino, a fact finder might reasonably conclude that SPS knew certain representations were false when made or were made recklessly and without knowledge of their truth.

The thrust of the motion is that the Mino has failed to state claims upon which this court could grant him relief. The court concludes, however, that SPS has failed to show that Mino could prove no set of facts in support of his claims that would entitle him to relief. See *Conley*, 355 U.S. at 45-46.

### III.  CONCLUSION

For the reasons stated above, SPS's motion to dismiss is **DENIED**.

**SO ORDERED**.

March 9, 2015.

*C. Joe Fish*
_____
**A. JOE FISH**
**Senior United States District Judge**